Michael S. Devereux  (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California  90210
Telephone: (424) 600-8584

Attorneys for DEFENDANT, MELVIN HUGHES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>  PLAINTIFF, <br> v. <br><br> MELVIN HUGHES, <br><br>  Defendant. | CASE NO.: 2:25-cr-00641-MWF <br><br> OPPOSITION TO THE GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION |

## INTRODUCTION

Defendant **Melvin Louis Hughes**, an elderly, 61-year-old gentleman, respectfully opposes the government's motion for pretrial detention by and through his attorney, Michael Devereux. The government's position relies on speculation, outdated convictions, and mischaracterizations that fail to account for Mr. Hughes's actual circumstances. Mr. Hughes has deep family and community ties, a stable home life, and a proven record of facing legal matters responsibly. He is willing to forfeit his passport and abide by strict conditions of release, which are **more than sufficient** to reasonably assure his appearance and the safety of the community.

1

**PERSONAL BACKGROUND AND COMMUNITY TIES**

- *Age and Stability:* At 61 years old, Mr. Hughes is far removed from the younger mistakes that resulted in convictions more than a decade ago. Those events occurred when he was younger, and they do not reflect his current lifestyle or values.

- *Family Ties:* Mr. Hughes's roots are firmly planted in Southern California. His daughter, a retired Navy veteran, and his grandchildren live in Riverside, California, where he plays an active role in their lives. His partner of 17 years, Patricia Morris, resides with him in Los Angeles. These longstanding relationships demonstrate enduring ties that cannot be dismissed as insubstantial.

- *Community Connection:* Since moving to Los Angeles in 2008, Mr. Hughes has built a stable life as a songwriter and contributor to the local music community. His ties to Los Angeles are deep and genuine.

*History of Compliance and Travel*

The government portrays Mr. Hughes's travel as evidence of flight risk, yet the facts point in the opposite direction. For several years, Mr. Hughes was aware of the possibility of charges. During that time, he traveled abroad and, importantly, **chose to return** to the United States, fully aware that prosecution could be imminent. This conduct is inconsistent with someone intending to flee. His

willingness to surrender his passport further ensures that any risk of flight is illusory.

**REBUTTAL OF THE GOVERNMENT'S ASSERTIONS**

- *Risk of Flight:* The government's suggestion that Mr. Hughes poses a flight risk is unsupported. His decision to return from international travel, knowing charges were forthcoming, demonstrates his respect for the judicial process. The Bail Reform Act requires clear and convincing evidence of flight risk, which is wholly absent here.

- *Aliases and Identity Issues:* The government highlights Mr. Hughes's use of variations of his name. However, one of these differences stems from a clerical error on his birth certificate and related documents, not deception. Multiple identification documents reflecting this discrepancy are a bureaucratic reality, not evidence of intent to mislead.

- *Family and Community Ties:* The government's claim that Mr. Hughes lacks meaningful ties is plainly inaccurate and misleading. His decades-long relationship, his daughter's military service and residency in California, and his role as a grandfather demonstrate bonds that firmly root him in the community.

**LEGAL STANDARDS**

The Bail Reform Act makes clear that pretrial detention is the exception, not the rule. In *United States v. Motamedi*, the Ninth Circuit stressed that the "weight of the evidence" is the least important factor and that doubts regarding release must be resolved in favor of the defendant. Here, Mr. Hughes's strong family ties, history of voluntary return, and willingness to surrender his passport tip the balance heavily toward release under appropriate conditions.

**PROPOSED CONDITIONS OF RELEASE**

To address the government's concerns and assure the Court, Mr. Hughes is prepared to accept a set of stringent conditions. These conditions are **more than sufficient** to reasonably assure his appearance and the safety of the community:

1. ***Forfeiture of Passport*** – Immediate surrender of his passport and agreement not to apply for new travel documents.

2. ***Restricted Travel*** – Limiting travel to the Central District of California, absent prior Court approval.

3. ***Electronic Monitoring*** – Submission to GPS or location monitoring if deemed appropriate by Pretrial Services.

4. ***Home Detention / Curfew*** – Remaining at his Los Angeles residence, subject to Court-ordered curfew or home detention conditions.

5. **Third-Party Custodian** – Designation of Patricia Morris, his partner of 17 years, as a third-party custodian to report any violations.

6. **Regular Reporting** – Weekly or more frequent check-ins with Pretrial Services, as the Court directs.

7. **Secured Bond** – Posting a reasonable secured bond, co-signed by family members, to reinforce his commitment to compliance.

**CONCLUSION**

Mr. Hughes is not a flight risk, nor does he pose a danger to the community. He is a 61-year-old gentleman with deep family connections, a stable residence, and a proven record of returning home even when charges loomed. The government has not met its burden to justify detention under the Bail Reform Act. The strict conditions outlined above are **more than sufficient** to mitigate any conceivable risk. Accordingly, Mr. Hughes respectfully requests that this Court deny the government's motion and order his release under the proposed conditions.

Dated:  August 27, 2025            Respectfully Submitted,

By: *Michael S. Devereux*
Michael S. Devereux
Attorney for Defendant
Melvin Hughes