Michael S. Devereux  (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California  90210
Telephone: (424) 600-8584

Attorneys for DEFENDANT, MELVIN HUGHES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br>v.<br><br>MELVIN HUGHES,<br><br>Defendant. | CASE NO.: 2:25-cr-00641-MWF<br><br>**REPLY TO IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER AND REQUEST FOR NEW DETENTION HEARING PURSUANT TO 18 U.S.C. § 3142(f)** |

## I.    INTRODUCTION

Defendant seeks reopening under 18 U.S.C. § 3142(f) based on information not known and not available to the defense at the initial hearing that materially bears on risk of flight and danger, including documentary passport evidence, a concrete secured bond package with responsible sureties, and clarifications bearing on the Court's prior detention findings. The government's opposition mischaracterizes the record and relies on unproven, contested proffers extraneous to the § 3142(f) threshold. The record justifies reopening and reconsideration with tailored conditions.

///

1

MICHAEL DEVEREUX, ESQ.

## II. ARGUMENT

1. ***The defense satisfies § 3142(f): previously unavailable, material information warrants reopening.***

The statute authorizes reopening where information "not known to the movant at the time of the initial hearing" has a material bearing on appearance and safety. The defense obtained after the hearing Mr. Hughes's U.S. passport reflecting an April 1, 2025 Ghana entry stamp; this directly rebuts the government's "alternate passport/clandestine travel" premise and the Court's reliance on "multiple passports" and "significant international travel history." This evidence was not available to the defense at the time of the initial hearing and is material to risk of flight.

The government's contrary assertion that the evidence is neither new nor material overlooks that the defense did not possess the passport at the hearing and that the stamp evidence specifically negates the claim of deceptive foreign travel that drove the "multiple passports" and "clandestine travel" inferences.

2. ***The government's threshold objections misread the record and overstate its proffers.***

The government argues that the motion "merely restates" prior arguments; not so. The passport stamp evidence was not presented because it

MICHAEL DEVEREUX, ESQ.

was not yet obtained, and it uniquely addresses the core rationale of "multiple passports" and "concealed travel."

The government's new allegations about Ghanaian nationality and a Ghanaian passport do not negate the materiality of the U.S. passport entry stamp; the government's own filing concedes its passport inquiry is ongoing and not resolved before the hearing date. The defense's passport evidence remains directly probative of the absence of clandestine entry and supports conditions such as passport surrender and travel restrictions.

3. ***The secured bond package and sureties now available meet the Court's express condition for reconsidering release***.

At the original hearing, the Court indicated willingness to revisit detention upon presentation of a secured bond backed by meaningful sureties. That package is now available: Mr. Hughes's daughter, Tamika Boswell (retired U.S. Navy), and son-in-law, Justin Boswell (retired U.S. Marine Corps), are prepared to serve as sureties and provide collateral. This cures the "lack of financially responsible sureties" concern identified in the detention order.

The government's attempt to disqualify Ms. Boswell via contested proffers about past funds and trust-document references does not erase the Court's original pathway for release nor the availability of collateralized

MICHAEL DEVEREUX, ESQ.

conditions. To the extent the Court has residual concerns about any proposed custodian, conditions can be tailored—e.g., excluding any individual the Court deems conflicted as custodian while still accepting their collateral, or substituting a different third-party custodian—without denying reopening.

4. *Additional clarifications materially diminish the flight-risk and danger rationales.*

a. **Cooperation and non-flight over years despite awareness of investigation:** Mr. Hughes repeatedly met with agents for years pre-indictment, never fled, and remained accessible; this undermines any inference of flight or evasion.

b. **Identity/alias and age of criminal history:** The name variation stems from a birth certificate error; prior criminal history is more than 15 years old and merits limited weight.

c. **Nature of charges and expected sentencing exposure:** The defense's guidelines view indicates no lengthy incarceration exposure relative to government assertions; there is no allegation of violence, and the identified "victim" is the IRS, supporting a finding that Mr. Hughes is not a danger.

The government's opposition reprises its prior guideline calculations and adds untested claims about jail calls, FEMA matters,

MICHAEL DEVEREUX, ESQ.

and facility rule violations. These proffers are disputed and in any event go to conditions and supervision, not to foreclosing reopening on the statutory standard. Tailored conditions—location monitoring, passport surrender, travel limits, and secured bond—address appearance and safety.

5. ***Proposed conditions reasonably assure appearance and safety.***

Mr. Hughes is willing to accept a secured bond in an amount set by the Court; home detention or location monitoring; surrender of passport(s); restriction on international travel; regular reporting; and no-contact orders as appropriate. These conditions directly answer Pretrial's concerns and the detention order's rationales, especially in light of the passport evidence and surety package now available.

///

///

///

///

///

///

///

///

5

### III. CONCLUSION

The defense has presented information not known and not available at the initial hearing that materially bears on appearance and safety, including documentary passport evidence and a secured bond package with responsible sureties, along with clarifications undermining prior detention rationales. The Court should reopen the detention hearing under § 3142(f), reconsider detention, and set conditions of release as outlined.

Dated:  December 5, 2025                    Respectfully Submitted,

By: _Michael S. Devereux_

Michael S. Devereux
Attorney for Defendant
Melvin Hughes

MICHAEL DEVEREUX, ESQ.